**Victor Ivy BROWN, Appellant**

v.

**Raymond Edwin MABUS, Jr., Hon., Secretary of the Navy, Appellee.**

No. 12–5301.

United States Court of Appeals, District of Columbia Circuit.

Dec. 26, 2013.

Rehearing En Banc Denied April 8, 2014.

Victor Ivy Brown, Wilmington, DE, pro se.

R. Craig Lawrence, Jane M. Lyons, Claire M. Whitaker, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: ROGERS, TATEL, and SRINIVASAN, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed September 21, 2012 be affirmed. Even assuming, without deciding, that appellant's claim did not accrue until the date of discovery, and even assuming, without deciding, that equitable tolling applies, appellant did not file his complaint within the period specified by 28 U.S.C. 2401(a). We reject appellant's argument that his claim did not accrue until March 9, 2010, because he was on notice of his claims by 2001, or by 2004 at the latest. Moreover, because appellant's complaint did not seek relief under Title VII, this case does not implicate the interaction between the limitations period set out in § 2401(a) and the period set out in 42 U.S.C. § 2000e–16(c). In any event, the complaint was not timely filed even under the latter provision.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.